, Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8014 | **DATE** | 1/9/2002 |
| **CASE TITLE** | \multicolumn{3}{l|}{RAYMOND DAVIS vs. QUEBECOR WORLD} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The uncontested motion to dismiss [4-1] is granted in part. Plaintiff's Title VII national origin and color discrimination claims, and AEDA age discrimination claim are dismissed with prejudice. Plaintiff's § 1981 national origin claim and § 1983 race, color, and national origin claims are dismissed without prejudice. The motion is denied in all other respects. Defendant is directed to answer the surviving claims by January 23, 2002. Defendant's motions to transfer [6-1] and consolidate [6-2] case no. 01 C 8127 are denied. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | **JAN 1 0 2002** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/9/2002 date mailed notice | |
| SB courtroom deputy's initials | | 02 JAN -9 PM 6:29 Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 1 0 2002

RAYMOND DAVIS )
)
Plaintiff, ) No. 01 C 8014
)
v. ) Suzanne B. Conlon, Judge
)
QUEBECOR WORLD )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Raymond Davis, *pro se*, sues Quebecor World ("Quebecor") for race, color, and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), *et seq.* Quebecor moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Quebecor moves to reassign and consolidate *Neither v. Quebecor World et al*, No. 01 C 8127 (Andersen, J.) with this case. Davis fails to respond.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Davis, an African-American male, was a Quebecor employee in October 2000. Compl. at ¶ 6. Quebecor terminated his employment on August 25, 2001. *Id.* at ¶¶ 7(a), 13. Davis alleges Quebecor treated non-African-American

1



employees more favorably. *Id.* at ¶ 12(f). Specifically, Davis alleges he received written warnings about his attendance record, while non-African-American employees were not given similar warnings. *Id.* at ¶ 13. Davis contends Quebecor failed to promote him, but non-African-American employees received promotions. *Id.* Finally, Davis alleges Quebecor terminated him based on a false attendance record. *Id.* Davis filed an Equal Employment Opportunity Commission ("EEOC") charge on January 10, 2001. *Id.* at ¶ 7(a). On July 20, 2001, the EEOC issued a right to sue letter. *Id.* at ¶ 8(b).

## I. Motion to dismiss

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may be dismissed only if there are no set of facts that would entitle the plaintiff to relief based on the allegations in the complaint. *Conley*, 355 U.S. at 45-46. A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). *Pro se* complaints "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## II. Title VII claims

Quebecor contends Davis' color and national origin claims must be dismissed because they were not raised in his EEOC charge. *Alexander v. Gardner-Denver, Co.*, 415 U.S. 36, 47 (1974). Davis' color and national origin discrimination claims are actionable "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint." *Cheek v. Western*

& *Southern Life Ins.*, Co., 31 F.3d 497, 500 (7th Cir. 1994). Davis did not check the EEOC form complaint's color and national origin boxes. Compl, Ex. 2. Nor did Davis refer to color or national origin discrimination in his EEOC charge. *Id.* Color discrimination arises when the "particular hue of the plaintiff's skin is the cause of the discrimination." *Sullivan v. Presstronics, Inc.*, No, 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. Jun. 11, 1997). Color discrimination is a separate cause of action from race discrimination. *See* 42 U.S.C § 2000e. Davis' EEOC charge is devoid of allegations he was discriminated against because of his skin color. Instead, Davis focuses on his identity as a black man, which he calls his race. Compl, Ex. 2; *see Sullivan*, 1997 WL 327126, at *2 (color discrimination claim is not reasonably related to or the same as race discrimination); *Jefferson v. City of Chicago*, No. 97 C 4895, 1997 WL 116223, at *2 (N.D. Ill. Feb. 26, 1999) (color discrimination claim dismissed where black employee alleged race and color discrimination); *Susswell v. Northwestern Hosp.*, No. 84 C 512, 1985 WL 665, at *3 (N.D. Ill. Apr. 23, 1985) (same).

Similarly, Davis' EEOC charge and his federal complaint do not identify his national origin. *See Torres v. City of Chicago*, No. 99 C 6622, 2000 WL 549588, at *2 (N.D. Ill. May 1, 2000) (the term "black" does not encompass national origin). The text of Davis' EEOC charge does not refer to national origin discrimination. *See Rodgers v. Arlington School Dist.*, 171 F.Supp.2d 773 (N.D. Ill. 2001) (Title VII claim dismissed where black employee did not state discrimination based on national origin in EEOC charge). When a complaint alleges discrimination on a different basis from the EEOC charge, the allegations in the federal complaint are not reasonably related to the EEOC charge. *Cheek*, 31 F.3d at 502. Accordingly, Davis' Title VII color and national origin claims must be dismissed.

Quebecor contends Davis alleges discriminatory conduct not raised in his EEOC charge:

3

"performance evaluations, attendance issues, and disciplinary actions." Compl. at ¶¶ 12(f), 13. However, Davis' EEOC charge asserts unwarranted disciplinary action for attendance violations, and Quebecor's failure to restore his seniority status. Compl, Ex. 2. Thus, Davis' EEOC charge allegations are reasonably related to claims raised in his federal complaint. *See Cheek*, 31 F.3d at 501 ("the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals"). Quebecor asserts Davis cannot sue for his layoff or termination because it was not raised in his EEOC complaint. Davis was terminated on August 25, 2001, seven months after he filed his EEOC charge on January 10, 2001. Reading the *pro se* complaint liberally, Davis alleges termination as a result of false attendance records. Compl. at ¶ 13. Because Davis' termination is a consequence of his EEOC charge allegations, his termination claim is reasonably related to his EEOC charge. *See Stroup v. J.L. Clark*, No. 99 C 50029, 2001 WL 114404, at *3 (N.D. Ill. Feb. 2, 2001) (where termination is a result of EEOC charge allegations, termination claim is reasonably related). Accordingly, Quebecor's motion to dismiss Davis' Title VII race discrimination claim based on performance evaluations, attendance issues, disciplinary actions, layoffs, and termination must be denied.

### III.    Age discrimination claim

Quebecor contends Davis fails to state an age discrimination claim. Davis alleges Quebecor "knowingly, intentionally, and willfully discriminated against the plaintiff" based on his age. Compl. at ¶ 14. However, Davis fails to plead any further allegations of age discrimination, including his age at the time of the purported discrimination. Nor does Davis' EEOC charge assert age discrimination. *Clayton v. Humana Health Care Plans, Inc.*, No. 97 C 5355, 1998 WL 355432, at *1 (N.D. Ill. Jun. 10, 1998) (age discrimination is not reasonably related to a claim for race

4

discrimination). Consequently, Davis' age discrimination claim must be dismissed.

**IV.    Section 1981 and 1983 claims**

Quebecor contends Davis' § 1981 national origin claim and all § 1983 claims must be dismissed. Davis does not state his national origin in his federal complaint. Nor does Davis include any allegation relating to national origin discrimination. Thus, Davis' § 1981 national origin claim must be dismissed. Similarly, Davis' § 1983 claim must be dismissed because he fails to allege Quebecor acted under color of state law. 42 U.S.C. § 1983; *Hanania v. Loren-Maltese*, 212 F.3d 353, 356 (7th Cir. 2000); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993).

**V.    Motion to transfer and consolidate**

Quebecor moves to transfer and consolidate *Fred W. Neither v. Quebecor World*, No. 01 C 8127, with this case pursuant to Local Rule 40.4. Under Local Rule 40.4(a), cases are related if they involve one of the following conditions: the same property; similar issues of fact or law; or the same transaction or occurrence. Once relatedness has been established, a case may be reassigned if the following criteria are met: (1) all cases are pending in this court; (2) reassignment will result in judicial economy; (3) reassignment will not cause a substantial delay; and (4) it is possible to dispose of all cases in a single proceeding. L.R. 40.4(b). Fed. R. Civ. P. 42(a) allows a court to consolidate claims involving common questions of law or fact to avoid unnecessary costs or delay. Rule 42(a) is designed to promote convenience and judicial economy. *Mabry v. Village Management, Inc.*, 109 F.R.D. 76, 79 (N.D. Ill. 1985).

Neither sues Quebecor, *pro se*, for race, color, national origin, and age discrimination in violation of Title VII, the AEDA, § 1981, and § 1983. Neither, an African-American male, alleges Quebecor issued false attendance violations, failed to promote him, denied him training, and laid him

5

off for a period of four months. Mot. Transfer, Ex. B, at ¶ 13. A motion for reassignment based on relatedness must "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related" and "indicate the extent to which the conditions required by [Local Rule 40.4(b)] will be met if the cases are found to be related." Local Rule 40.4(c). Quebecor's conclusory assertion that the "two complaints are nearly identical" by identifying two similar paragraphs in the *Neither* and *Davis* complaint does not explain relatedness in sufficient detail to satisfy Local Rule 40.4(c). Quebecor addresses two of Local Rule 40.4(b)'s requirements – *Neither* and *Davis* are proceeding at the same pace, and they are pending before this court. Quebecor fails to address whether joint resolution of the actions in a single proceeding is appropriate, and whether reassignment would result in judicial economy. Because Quebecor fails to comply with Local Rule 40.4(c), the court may deny Quebecor's motion for reassignment on that basis alone. *Daniels v. Pipefitter's Assoc.*, 174 F.R.D 408, 411 (N.D. Ill. 1997) (where movant fails to explain the relatedness of the cases, motion for reassignment must be denied under Local Rule 40.4(c), formerly Local Rule 2.31(c)).

Furthermore, *Neither* and *Davis* do not involve substantially similar issues of fact or law to warrant reassignment. Neither and Davis' complaints and EEOC charges do not allege the same decision-makers engaged in discriminatory conduct. Nor do the complaints allege identical discriminatory conduct. Davis sues for termination, Neither alleges a purported discriminatory four month lay-off. Mot. Transfer, Ex. B, at ¶ 13. Similarly, Neither asserts a Title VII and § 1981 retaliation claim; Davis does not assert retaliation. *Id.* Reading Neither's *pro se* complaint liberally, Neither asserts a Title VII disparate impact claim – Neither claims Quebecor's promotion policy favors non-African-American employees. Mot. Transfer, Ex. B, at ¶ 13. A review of Neither and

6

Davis' EEOC charge confirms that similar factual issues do not predominate. Neither has filed multiple EEOC charges complaining about several instances of lay-offs, denial of training, and retaliation. Davis' EEOC charge does not contain those allegations. Quebecor contends reassignment is necessary to prevent conflicting findings of fact and law, but fails to specific the basis for its concern.

Discovery on the Title VII and § 1981 claims will be targeted towards the plaintiffs' performance at Quebecor, and Quebecor's purported discriminatory conduct towards each plaintiff. Thus, discovery will be individualized and case specific. *See Henderson v. Nat'l Railroad Passenger Corp.*, 118 F.R.D 440, 441 (N.D. Ill. 1987) (where "individual questions of fact outweigh the common," reassignment is not warranted). The plaintiffs do not allege direct evidence of discrimination in their federal complaints. Under the *McDonnell-Douglas* burden shifting approach, plaintiffs must each demonstrate they satisfied Quebecor's employment expectations. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 889 (7th Cir. 1997). Quebecor must proffer a legitimate, non-discriminatory reason for adverse employment actions. *Id.* Plaintiffs must each demonstrate the proffered reasons are pretextual. *Id.* Those issues involve conduct specific to each plaintiff's claim. Thus, joint resolution of the actions is not appropriate. *See Castle Constr. Corp. v. Bouie Constr., Inc.*, 01 C 0774, 2001 WL 1104734, at *3 (N.D. Ill. Sept. 18, 2001) (where cases focus on each plaintiff's conduct in the transaction, reassignment is not warranted); *Erwin v. City of Chicago*, No. 90 C 950, 1998 WL 801830, at *2 (N.D. Ill. Nov. 12, 1998) (where cases involve different theories of claims, Local Rule 40.4 is not satisfied). Moreover, *Davis* and *Neither* do not involve complex issues of law with multiple parties that warrant reassignment to promote judicial economy. *See Robinson v. Burlington Nat'l Railroad*

7

*Co.*, No. 95 C 6781, 1997 WL 309026, at *2 (N.D. Ill. June 4, 1997).

Quebecor fails to demonstrate *Davis* and *Neither* involve similar issues of fact and law, reassignment and consolidation would result in judicial economy, and the actions can be resolved in a single proceeding. L.R. 40.4; Fed. R. Civ. P. 42; *see Sphere Drake Ins*, 2001 WL 1035723, at *4 n.6 (where common issues do not predominate, reassignment does not result in judicial economy). Quebecor's motion for reassignment and consolidation must be denied.

January 9, 2002

ENTER:

Suzanne B. Conlon
United States District Judge